**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4924-17T3

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

KAWON ROBINSON and MAURICE J. MILES,

     Defendants-Respondents,

and

TONY J. MARTINEZ, KATTRELL TRENT,
 and DARRION K. TRENT,

     Defendants.

_____

Submitted September 13, 2018 – Decided October 9, 2018

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-11-0775

Esther Suarez, Hudson County Prosecutor, attorney for appellant (David S. Feldman, Assistant Prosecutor, Charles C. Cho, Assistant Prosecutor, and Erin M. Campbell, Assistant Prosecutor, on the brief).

Grigaite & Abdelsayed, LLC, attorneys for respondent Kawon Robinson (Shokry G. Abdelsayed, on the letter brief).

Michael R. Shulman, attorney for respondent Maurice J. Miles.

PER CURIAM

By leave granted, the State appeals from a May 7, 2018 order dismissing the indictments against defendants Kawon Robinson and Maurice J. Miles. With respect to Kawon Robinson, we reverse and vacate the order dismissing the indictment. The trial court, perhaps inadvertently, failed to issue a statement of reasons for its decision with respect to Maurice Miles. Accordingly, we remand the Miles case to the trial court for reconsideration of the merits in light of the guidance provided in this opinion, and for a statement of the trial court's reasons for whatever disposition it reaches on the remand.

We begin by defining the scope of this appeal. By way of background, defendants were accused of participating in an incident arising from a confrontation between two groups of young men. During the confrontation, a victim named Corbin was shot and wounded, and he was then otherwise physically assaulted. A second victim named Gordon was brutally beaten and stomped, and was then shot to death as he lay on the ground. The indictment charged both defendants with aggravated assault. The indictment charged two

other co-defendants, respectively, with the murder of Gordon and the attempted murder of Corbin. During the Grand Jury presentation, the prosecutor repeatedly told the Grand Jurors that the two other co-defendants – not Robinson or Miles – were responsible for the shootings, and the Grand Jury heard testimony consistent with the State's theory. The Grand Jury returned an indictment against defendants for aggravated assault.

Both defendants moved to dismiss the indictment for aggravated assault. During the oral argument of the motion, the State confirmed to the trial court that neither Robinson nor Miles was indicted in connection with the shooting and that the indictment was limited to the fistfight and beating of the two victims. The State defended the indictment on that basis, and the trial judge reviewed the Grand Jury record based on the State's representation. The judge concluded there was insufficient evidence that Robinson assaulted either victim. The judge dismissed the indictment against Miles without a statement of reasons.

When we granted leave to appeal, it was limited to a review of the trial court's order, which in turn was based on the State's representations about the scope of the indictment. As a result, our decision here will permit the State to try Robinson for aggravated assault, limited to the allegations of physical

beating of either or both victims, but not with respect to the shootings. Likewise, the remand of Miles' motion is limited to the aggravated assault charges related to the fistfight and beatings. Absent a superseding indictment, the State has waived the right to try either of these two defendants for the shootings.

Having defined what is properly before us, we turn to the merits of Robinson's appeal. Our review is governed by well-established legal principles. In deciding whether to indict, "the grand jury must determine whether the State has established a prima facie case that a crime has been committed and that the accused has committed it." State v. Hogan, 144 N.J. 216, 227 (1996).

> A grand jury may base an indictment on the evidence the State has produced, as well as any reasonable inferences that may be drawn from that evidence. In a grand jury proceeding, hearsay is admissible. In considering a motion to dismiss an indictment, the court should consider whether "there is some evidence establishing each element of the crime[,]" and should view that evidence in the light most favorable to the State.
>
> [State v. Tringali, 451 N.J. Super. 18, 26 (App. Div. 2017) (citations omitted).]

See also State v. Morrison, 188 N.J. 2, 12-13 (2006). "[A]n indictment should be disturbed only on the clearest and plainest ground." Hogan, 144 N.J. at 228

A-4924-17T3

(citations omitted). We review the trial court's decision to dismiss an indictment for abuse of discretion. Id. at 229.

The pertinent elements of the crime of aggravated assault require evidence that the defendant: "[a]ttempt[ed] to cause serious bodily injury to another, or cause[d] such injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly cause[d] such injury." N.J.S.A. 2C:12-1(b)(1). The State may establish a defendant's culpability by proving the defendant personally committed the aggravated assault as a principal, or that the defendant was liable as an accomplice to the crime. N.J.S.A. 2C:2-6(b)(3). Accomplice liability can be proven by evidence that the defendant, with the purpose of promoting or facilitating commission of the crime, aided or attempted to aid someone else in committing the crime. N.J.S.A. 2C:2-6(c)(1)(b).

The State may prove its case by direct or circumstantial evidence. See State v. Reyes, 50 N.J. 454, 458-59 (1967). It is not necessary that the State present a video or other direct evidence demonstrating a defendant's guilt. If the State's proffered video evidence is inconclusive, the court should subtract that evidence from the equation and consider whether the State's remaining evidence nonetheless suffices to support the indictment.

A-4924-17T3

Because the State presented at least some direct or circumstantial evidence against Robinson to satisfy each element of the charged offense of aggravated assault, either as a principal or an accomplice, we reverse the order dismissing the indictment against Robinson. In his Grand Jury presentation, the prosecutor admitted that Robinson and Miles resembled each other, and that the videos were blurry and did not clearly indicate whether Robinson or Miles was involved in assaulting the victims. After watching security videos of the incident, the trial judge agreed that the videos were blurry and unhelpful, and on that basis he concluded that the State did not present a prima facie case that Robinson assaulted either victim.

We will not second-guess the trial judge's evaluation of the video evidence, which even the State described as less than clear on the issue of whether Robinson personally assaulted anyone. However, the trial judge did not address the State's other evidence against Robinson. That evidence, to which the State's police witness testified, included Robinson's brother's statement to the police, incriminating Robinson. As briefly summarized by the police witness, the brother told the police that he "realized" Robinson was involved in

A-4924-17T3

a fight and ran to participate in the fight also.[1]  Viewed most favorably to the State, the brother personally observed Robinson fighting with the victims. Corbin told the police that Robinson was present at the scene of the assault, and he saw Robinson holding a gun in his hand.  As recounted by the police witness, Corbin told the police that he did not see who was hitting him, because "after he was being assaulted after being shot at some point, he put[] his head down and he kind of just [took] it."  There was also evidence that Robinson left the scene along with the other co-defendants.

Evidence that Robinson was armed and holding the gun in plain sight would support an inference that he shared the co-defendants' intent to inflict serious bodily injury of some type.  Based on evidence that Robinson was present at the scene of the assaults, armed with a gun, and participated in fighting with at least one of the victims, a jury could conclude that he shared his co-defendants' intent to beat up and seriously injure both victims.  While the State's

---

[1] We acknowledge that the State's Grand Jury presentation could have been more thorough.  The State's motion papers to the trial judge included police reports, including the brother's entire statement,  that were not presented to the Grand Jury.  The trial judge properly noted that those papers were irrelevant to the decision of the motion.  However, solely for future reference, we note that the reports contained more specific incriminating evidence against Robinson, and had the prosecutor made a more careful presentation to the Grand Jury, this motion might have been avoided.

Grand Jury presentation against Robinson might not convince a jury beyond a reasonable doubt, it was sufficient to meet the lower threshold required to obtain an indictment.

Accordingly, we reverse the May 7, 2018 order insofar as it dismissed the indictment against Robinson, and we remand the case for trial. We remand the May 7, 2018 order for reconsideration insofar as it dismissed the indictment against Miles.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION